IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ISABELLA BERNAL, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BACKSLIDERS, LLC D/B/A SOUTH AUSTIN BEER GARDEN, DAVID B. PEARCE AND RYAN THOMAS,<br><br>Defendants | § § § § § § § § § § § § § § § Civil Action No. 1:23-CV-00471-RP |

**PLAINTIFF'S MOTION TO DISMISS OR STRIKE DEFENDANTS' COUNTERCLAIM**

Plaintiff Isabella Bernal, individually and on behalf of all others similarly situated, filed this lawsuit on April 26, 2023, seeking damages under the Fair Labor Standard Act, 29 U.S.C. §§ 201, *et seq* ("FLSA") for, among other grounds, Defendants' violation of the FLSA's tip credit provisions, including by requiring that Plaintiff and other tipped employees participate in an illegal tip pool. On August 25, 2023, Defendants filed a state-law counterclaim against Plaintiff, alleging that she, while employed by Defendants as a bartender, served free drinks to her friends and kept tips given to her by customers instead of contributing those tips to Defendants' tip pool.

This motion seeks the dismissal or striking of Defendants' counterclaim on the following bases:

**1.     Defendants' counterclaim was filed without seeking or obtaining leave of court or Plaintiff's consent, as required by Fed. R. Civ. P. 15(a), and should be dismissed or struck; and**

**2.     Defendants' counterclaim is permissive, not compulsory. The Court should decline to exercise supplemental jurisdiction over Defendants' permissive counterclaim in accord with the well-established precedent of the Fifth Circuit, and should dismiss the counterclaims pursuant to Fed.R.Civ.P. 21(b)(1).**

## I. PROCEDURAL AND FACTUAL BACKGROUND

1.1.     Plaintiff Isabella Bernal, individually and on behalf of all others similarly situated, filed this lawsuit on April 26, 2023, seeking damages under the Fair Labor Standard Act, 29 U.S.C. §§ 201, *et seq*.  Dkt. 1.

1.2.     Bernal alleges that Defendants forfeited the tip credit under the FLSA by, among other things, requiring Bernal and the putative class to participate in an illegal tip pool, failing to properly notify Bernal and the putative class of the FLSA's tip credit provisions, and failing to pay Bernal and the putative class anything at all for the performance of nontipped work unrelated to their tipped occupations.   Dkt. 1 at ¶2.

1.3.     Defendants answered on May 22, 2023. Dkt. 8.   Three months later, Defendants filed their August 25, 2023 counterclaim.  Dkt. 13.  Defendants filed their counterclaim without seeking or obtaining leave of court or Plaintiff's consent.   Defendants' counterclaim, which is brought under the state Texas Theft Liability Act, alleges that Bernal "unlawfully appropriated property with the intent to deprive the owner of property" by keeping tips paid to her by customers instead of tendering them to Defendants' tip pool, and by serving free drinks to her friends. Tex.Civ.Prac.&Rem. Code Ch. 134; Dkt. 13 at ¶¶17-18.

1.4.     Defendants' August 25, 2023 counterclaim was filed more than 21 days after Defendants' May 22, 2023 answer.  Dkt. 13. Defendants did not seek or obtain leave of court of Plaintiff's consent to file their counterclaim, as required by Fed.R.Civ.P. 15(a).

**II.     ARGUMENTS & AUTHORITIES:**
**Counterclaim Filed in Violation of Fed.R.Civ.P 15(a) and Should be Dismissed or Struck**

2.1.    Fed.R.Civ.P. 15(a) permits a party to amend its pleading "once as a matter of course" within 21 days after serving it," and thereafter "only with the opposing party's written consent or the court's leave." *See Ruiz v. Bank of New York Mellon*, No. 1:22-CV-00483-LY-SH, 2022 WL 17169219, at *2 (W.D. Tex. Nov. 19, 2022) ("A motion for leave to file a counterclaim is governed by Federal Rule of Civil Procedure 15(a)").

2.2.    Defendants' August 25, 2023 counterclaim was filed more than 21 days after Defendants' May 22, 2023 answer. Dkt. 8 and 13. Defendants did not seek or obtain leave to file its counterclaim, or seek or obtain Plaintiff's consent to the filing.

2.3    Defendants' August 25, 2023 counterclaim should be dismissed or struck as it was filed without leave of court and without Plaintiff's written consent. Fed.R.Civ.P. 15(a).

**III.    ARGUMENTS & AUTHORITIES:**
**Counterclaim Should Be Dismissed Under Fed.R.Civ.P 21(b)(1)**
**for Lack of Subject-Matter Jurisdiction**

**A.     Defendant's Counterclaims are Not Compulsory**

3.1.    While federal courts have supplemental jurisdiction over compulsory counterclaims, they generally decline to exercise supplemental jurisdiction over permissive counterclaims. *See Iniesta v. Ula's Washington, LLC*, No. CV H-17-2668, 2018 WL 3912256, at *1 (S.D. Tex. July 18, 2018), report and recommendation adopted, No. 4:17-CV-02668, 2018 WL 3880286 (S.D. Tex. Aug. 15, 2018). Thus, "[w]hether the Court has, or can exercise, jurisdiction over Defendants' counterclaims depends . . . on whether those counterclaims are 'compulsory' or 'permissive.'" *Id.*

3.2.     Under Fed. R. Civ. P. 13, a compulsory counterclaim is one that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." In deciding

whether a counterclaim is compulsory, a court must resolve each of the following questions:

> "1) whether the issues of fact and law raised by the claim and counterclaim largely are the same; (2) whether res judicata would bar a subsequent suit on defendant's claim absent the compulsory counterclaim rule; (3) whether substantially the same evidence will support or refute plaintiff's claim as well as defendant's counterclaim; and (4) whether there is any logical relationship between the claim and the counterclaim."

*Tank Insulation Int'l Inc. v. Insultherm, Inc.*, 104 F.3d 83, 85–86 (5th Cir.1997) (citation omitted). As Defendants' counterclaim fails to meet any of these criteria, it is not compulsory.

    3.3.    **First, the "issues of fact and law raised by the claim and counterclaim" are not "largely . . . the same."** Defendants' counterclaim presents wholly different issues of fact and law than Plaintiff's FLSA claim. Plaintiff's FLSA claims arise from the work she and the putative class performed for Defendants, and concern Defendants' compliance with their obligations under the FLSA, including Defendants' 1) creation and maintenance of an illegal tip pool, 2) failure to notify Bernal and the putative class of the tip credit provisions, and 3) failure to pay wages for the performance of work unrelated to the tipped profession of Bernal and the putative class.  In contrast, Defendants' counterclaim, brought under the Texas Theft Liability Act, arises from Defendants' allegations that Bernal 1) kept tips that were directly paid to her by customers instead of contributing those tips to the tip pool and 2) giving free drinks to her friends.  Dkt. 13 at ¶¶17-18. Federal courts in Texas have consistently found that similar counterclaims in FLSA cases do not raise issues of law and fact that are "largely the same" as the plaintiff's claims under the FLSA. *See Iniesta,* 2018 WL 3912256, at *2 (Defendants' counterclaims for theft, conversion, and fraud based on plaintiff's alleged pocketing of customer money did not present common issues of law and fact to plaintiff's FLSA tip pool collective action); *see also Jackson v. Hardrock Landscapes, LLC*, 1:21-CV-1003-DH, 2023 WL 2672402, at *2-3 (W.D. Tex. Mar. 28, 2023) (counterclaim against Plaintiff for alleged conversion of employer's property "bears no legal or factual relation

to the hours he worked and whether he was paid overtime for those hours").

3.4. **Second, res judicata would not bar Defendants from later raising their counterclaim in a subsequent lawsuit.** Res judicata only "bar[s] litigation of 'issues which were actually litigated and all issues which might have been raised in that earlier suit.'" *Tank*, 104 F.3d at 87. In the absence of Defendants' counterclaim, the parties will not litigate Defendant's state law claims or otherwise address whether Bernal violated the Texas Theft Liability Act by giving free drinks to her friends or keeping tips given to her by a customer. *See Iniesta*, 2018 WL 3912256, at *2 (holding that defendants' theft, conversion, and fraud claims would not be barred by *res judicata* if not brought as counterclaims in FLSA tip pool lawsuit); *see also Jackson,* 2023 WL 2672402 at *2-3 (in FLSA case, holding state law counterclaim for conversion not compulsory as it could be brought in a subsequent state law suit); *and see Cortes v. Distribuidora* Monterrey Corp., No. 3:08-CV-1077-M, 2008 WL 5203719, at *1 (N.D. Tex. Dec. 11, 2008) (employer's counterclaims for breach of contract, conversion, and violation of the Texas Theft Liability Act "would not be barred by res judicata if brought in a later suit, because they do not involve the same claim or cause of action as the FSLA claim").

3.5. **Third, Defendants' counterclaim does not involve "substantially the same evidence" as Plaintiff's FLSA claims.** Defendant's theft counterclaim does not involve "substantially the same" evidence as Plaintiff's FLSA claims. Plaintiff's FLSA claim relies on Defendants' time, pay, and tip records, and upon Defendants' compliance with its notice and recordkeeping obligations under the FLSA. As stated in Defendants' counterclaim, Defendants' claims against Plaintiff would rely upon alleged eyewitness testimony by bartender Vincent Vieluf, General Manager Christopher Borke, and Defendant David Pearce concerning their observations of Plaintiff allegedly giving out drinks to her friends or keeping tips provided to her by a customer;

Defendants' claims do not involve "substantially the same" evidence as Plaintiff's FLSA claims. Dkt. 13, ¶¶ 4; 9-14.  Texas federal courts considering theft counterclaims in the context of an FLSA lawsuit have consistently found these counterclaims do not rely upon "substantially the same evidence." *See Cortes,* 2008 WL 5203719, at *1 (holding that the evidence needed to prove plaintiff's alleged FLSA violation is "entirely different from the evidence needed to prove" defendants' Texas Theft Liability Act, conversion, and breach of contract claims"); *and see Iniesta*, 2018 WL 3912256, at *2 (holding that "the same evidence cannot, and could not support or refute Plaintiff's FLSA claims and Defendants' theft, conversion, and fraud claims"); *and see Jackson,* 2023 WL 2672402 at *2-3 (holding that FLSA claim and conversion counterclaim did not share substantially the same evidence, noting that "[t]he FLSA claim would be bolstered by evidence of hours worked and the amount paid, [while] the conversion claim would center on property ownership and failure to return the property").

3.6.    **Fourth, there is no "logical relationship" between Defendants' counterclaim and Plaintiff's FLSA claims.** A logical relationship exists between a potential counterclaim and the principal claim when "the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant." *Plant v. Blazer Financial Services, Inc. of Georgia*, 598 F.2d 1357, 1361-62, (5th Cir. 1979). That is not the case here, as Defendants' counterclaim is based on different operative facts than Plaintiff's FLSA claim, and as there is no "aggregate core" of facts that would otherwise activate Defendants' otherwise dormant legal rights.  Instead, Defendants' counterclaim is based on the allegation that Plaintiff gave free drinks to her friends, and kept tips paid to her by customers instead of contributing those tips to Defendants' tip pool.  Dkt. 13 at ¶¶17-18.  These allegations have nothing to do with the number of hours Plaintiff worked, the

amounts she was paid, whether the tip pool including managerial employees and employees of other entities, and the manner in which tip pool distributions were calculated. Texas federal courts considering similar theft counterclaims in the context of an FLSA lawsuit have consistently found these counterclaims do not bear a "logical relationship" to the FLSA claims. *See Iniesta*, 2018 WL 3912256, at *2 (the fact that defendants' counterclaims and plaintiff's FLSA claim both arose out of the same employment relationship did not suffice to demonstrate a logical relationship between [plaintiff's] FLSA claim and Defendants' [theft, conversion, and fraud] counterclaims, "as these claims were based upon different and distinct allegations"); *see also Cortes,* 2008 WL 5203719, at *1 (holding that plaintiff's "FLSA claims center on Defendants' compensation practices" while "Defendants' counterclaims under Texas state law are not related to these practices; rather, they focus on unrelated allegations of conversion, theft, and breach of contract"); *and see Jackson,* 2023 WL 2672402 at *2-3 (holding that there was no logical relationship between defendants' conversion counterclaim and plaintiff's FLSA claim).

### B. Court Should Not Exercise Supplemental Jurisdiction Over Counterclaim

3.7     Original jurisdiction does not exist here as Defendants' counterclaim is not compulsory. However, the Court still could exercise jurisdiction over Defendants' counterclaim to the extent that the counterclaim is consonant with the exercise of supplemental jurisdiction.[1] *See Exxon Mobil Corp. v. Allapattah Servs., Inc*., 545 U.S. 546, 580, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005) (internal citations omitted) (supplemental jurisdiction exists "when the state and federal

---

[1] Two circuits—the Second and Seventh Circuits—have concluded that an independent basis for jurisdiction is not necessary for permissive counterclaims to remain in federal court. *See Alford v. State Parking Servs., Inc*., No. 3:13-cv-4546-L, 2014 WL 6977639, at * 3-4 (N.D.Tex. Dec. 10, 2014) (citing *Jones v. Ford Motor Credit Co*., 358 F.3d 205, 212 (2d Cir.2004) and *Channell v. Citicorp Nat'l Servs., Inc.*, 89 F.3d 379, 385 (7th Cir.1996)). The Fifth Circuit, however, has not directly addressed whether 28 U.S.C. § 1367 completely displaces the independent basis requirement, and after determining there is no independent basis for jurisdiction, it requires courts to determine whether supplemental jurisdiction exists. *Id*. (citing *Nat'l Ins. Co. Inc. v. Yates*, 391 F.3d 577, 579 (5th Cir.2004) ("[Section 1367] grants supplemental jurisdiction over other claims that do not independently come within the jurisdiction of the district court but form part of the same Article III 'case or controversy.'").

claims 'derive from a common nucleus of operative fact' and are so linked that the plaintiff 'would ordinarily be expected to try them all in one judicial proceeding'"). As was discussed above, Plaintiff's FLSA claim and Defendants' counterclaim do not derive from a common nucleus of operative facts, nor are they so linked that they would be expected to be tried in one proceeding; instead, Plaintiff's FLSA claims involve distinct issues of law and fact, depend upon distinct and separate evidence, and do not share a logical relationship.

3.8. Even were supplemental jurisdiction over Defendants' counterclaim a possibility, the Court still should decline to exercise it. Section 1367(c) states that "district courts may decline to exercise supplemental jurisdiction," among other things, when "there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(4). Congress enacted the FLSA to protect employees from "the evil of 'overwork' as well as 'underpay.'" *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 67 L.Ed.2d 641 (1981) (citations omitted). To achieve its humanitarian goals, the FLSA guarantees a federal minimum wage and requires employers to pay employees who work more than 40 hours per work week a wage premium of not less than one and one-half times an employee's regular rate of pay. 29 U.S.C. §§ 206 and 207.

3.9.. To protect these important wage rights, FLSA litigation differs from other kinds of employment litigation; the types and kinds of counterclaims and defenses an employer may assert in a FLSA suit are circumscribed for obvious and straightforward reasons:

> The federal courts were not designated by the FLSA to be either collection agents or arbitrators for an employee's creditors. Their sole function and duty under the Act is to assure to the employees of a covered company a minimum level of wages …The only economic feud contemplated by the FLSA involves the employer's obedience to minimum wage and overtime standards. To clutter [FLSA] proceedings with the minutiae of other employer-employee relationships would be antithetical to the purposes of the Act.

*Brennan v. Heard*, 491 F.2d 1, 4 (5th Cir.1974), rev'd on other grounds, *McLaughlin v. Richland*

*Shoe Co.*, 486 U.S. 128, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988)

3.10. Accordingly, the Fifth Circuit has been hesitant to permit an employer to file counterclaims in FLSA suits for money the employer claims the employee owes it, or for damages the employee's tortious conduct allegedly caused." *Martin v. PepsiAmericas, Inc.*, 628 F.3d 738, 740 (5th Cir. 2010).   *See also Jackson*, 2023 WL 2672402, at *5 ("The Fifth Circuit and other courts have identified compelling reasons for district courts to decline to exercise supplemental jurisdiction over employers' proposed permissive counterclaims against FLSA plaintiffs." *And see Alford v. State Parking Servs., Inc.*, No. 3:13-cv-4546-L, 2014 WL 6977639, at *6 (N.D.Tex. Dec. 10, 2014) ("The Fifth Circuit disfavors counterclaims in FLSA cases.").

3.11. For similar reasons, set-offs are prohibited in FLSA actions in the Fifth Curcuit except in the narrow circumstance when "the money being set off can be considered wages that the employer pre-paid to the employee-plaintiff." *Martin,* 628 F.3d at 741 (interpreting *Singer v. City of Waco*, 324 F.3d 813 (5th Cir.2003) and *Gagnon v. United Technisource*, Inc., 607 F.3d 1036 (5th Cir.2010)).   Even if Defendants' allegations in their counterclaims were accepted as true,  neither tips nor comped drinks constitute  wages under the FLSA.

3.12. In *Gagnon*, the district court refused to address contract and fraud counterclaims brought by the defendant-employers against an FLSA plaintiff. *Id*. at 1040.  The employers appealed, arguing that the district court erred by not addressing the proposed counterclaims. The Fifth Circuit affirmed, stating that although the employers' claims were meritless, "our precedent suggests that such claims should not be addressed in a[n] FLSA action." *Id*. at 1042 (citing *Brennan v. Heard*, 491 F.2d 1, 4 (5th Cir.1974), rev'd on other grounds, *McLaughlin v. Richland Shoe Co*., 486 U.S. 128, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988) (noting that the only function of the federal judiciary under the FLSA "is to assure to the employees of a covered company a minimum level

of wages" and holding that "[a]rguments and disputations over claims against those wages are foreign to the genesis, history, interpretation, and philosophy of the [FLSA]")).

3.13. Based on *Heard*, *Martin*, *Gagnon* and their progeny, other courts in this District have remained steadfast in relying on the special nature of FLSA rights to decline to exercise supplemental jurisdiction over defendant-employers' permissive counterclaims against FLSA plaintiffs. *See, e.g., Iniesta*, 2018 WL 3912256, at *2 ("Defendants' theft, conversion and fraud counterclaims are not part of the "same" case or controversy as Plaintiff's FLSA claims so as to warrant the exercise of supplemental jurisdiction over them."). *And see Coronado v. D.N.W. Houston, Inc.,* No. H-13-2179, 2014 WL 2779548 at *4 (S.D.Tex. June 19, 2014) (declining to exercise supplemental jurisdiction over permissive counterclaims that did not 'form part of the same Article II case or controversy as the FLSA claims'). *See also Cortes,* 2008 WL 5203719, at *1 (finding no independent basis for subject matter jurisdiction over permissive counterclaims in FLSA lawsuit).

3.14. Even assuming supplemental jurisdiction exists, the facts and circumstances of this FLSA action and Defendants' proposed theft counterclaim provide "compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(4).

### Conclusion and Prayer

For the above reasons, Plaintiff Isabella Bernal individually and on behalf of putative class, asks the Court to dismiss Defendants' counterclaim in its entirety, or, in the alternative, strike Defendant's counterclaim, and to otherwise grant Plaintiff all other and further relief to which Plaintiff is entitled.

Respectfully submitted,

/s/ *Aaron Charles de la Garza*
**Aaron Charles de la Garza**
Attorney in Charge
State Bar No. 24028282
Aaron C de la Garza, PLLC
509 W. 18th St.
Austin, Texas 78701
Telephone: (512) 474-7054
Fax: (512) 474-5605
aaron@adlglaw.com

/s/ *Douglas B. Welmaker*
**Douglas B. Welmaker**
State Bar No. 00788641
Welmaker Law, PLLC
409 N. Fredonia, Suite 118
Longview, Texas 75601
Phone: (512) 799-2048
Email: doug@welmakerlaw.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Plaintiff's Motion to Dismiss or Strike Defendants' Counterclaim* has been served upon counsel for the Defendants on September 12, 2023 via electronic mail and via the court's EM/ECF system.

/s/ Aaron Charles de la Garza
Aaron Charles de la Garza