IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ISABELLA BERNAL, Individually and on Behalf of All Others Similarly Situated, <br>     Plaintiff, <br><br> v. <br><br> BACKSLIDERS, LLC dba "South Austin Beer Garden," RYAN THOMAS, and DAVID B. PEARCE, <br>     Defendants. | § § § § § § § § § § § § | Civil Action No. 1:23-CV-00471-RP |

## DEFENDANTS' MOTION FOR LEAVE TO FILE COUNTERCLAIM

TO THE HONORABLE JUDGE OF SAID COURT:

    Defendants Backsliders, LLC, dba South Austin Beer Garden ("SABG"), Ryan Thomas and David Pearce file Defendants' Motion for Leave to File Counterclaim and Defendants' Response to Plaintiff's Motion to Dismiss or Strike Defendants' Counterclaim and in support thereof would show the Court the following:

## DEFENDANTS' MOTION FOR LEAVE TO FILE COUNTER CLAIM

1. Subsequent to Plaintiff's filing her Motion to Dismiss Defendant's Counterclaims, Defendants' counsel asked for Plaintiff's consent to SABG's filing its counter claim beyond Fed. R. Civ. Proc. 15(a)(1)(A)'s 21-day deadline, which Plaintiff's counsel declined to provide. Accordingly, Defendant submits this Motion for Leave to Amend pursuant to Fed R. Civ. P. 15(a)(2).

2. In general, a "court should freely give leave [to amend] when justice so requires."" *Sabatelli v. Baylor Scott & White Health*, 1:16-CV-596-RP, 2018 U.S. Dist. LEXIS 19419, *2 (Feb. 6, 2018) (quoting Fed. R. Civ. P. 15(a)(2). "[T]he language of this rule evinces a bias in favor

1

of granting leave to amend." *Id.* (*quoting Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016)." Leave to amend a pleading should generally be granted in the absence of "(1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment.'" *Id.* (citing *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004)).

3. Defendant filed its counterclaim against Plaintiff weeks before the first scheduling order was put in place. *See* Dkt. 13 and Dkt. 16. Prior to doing so, Defendant had continued to attempt to negotiate settlement with Plaintiff. Once it became apparent that settlement negotiations were too far apart to reach agreement, Defendant filed this counterclaim. There is currently no deadline in the scheduling order for the parties to amend their pleadings.

4. This is Defendants' first request for leave to amend, Plaintiff has shown no prejudice she would suffer, and, as shown below, Defendant's amendment would not be futile because there is a clear basis for the court to exercise jurisdiction over these claims.

## **CONCLUSION**

Defendants, Backsliders, LLC, dba South Austin Beer Garden, Ryan Thomas and David Pearce, pray the Court that upon trial hereof, Plaintiff recover nothing and that Defendants recover their damages in an amount to be proved at trial, as well as costs and attorneys' fees, and for such other and further relief as they may show themselves justly entitled.

Respectfully Submitted,

/s/ *William T. Palmer*
Thomas A. Nesbitt
 tnesbitt@dnaustin.com
 Texas Bar No. 24007738
Laura J. Goodson
 lgoodson@dnaustin.com
 Texas Bar No. 24045959
William T. Palmer
 wpalmer@dnaustin.com
 Texas Bar No. 24121765
DeShazo & Nesbitt L.L.P.
809 West Avenue
Austin, Texas  78701
512/617-5560
512/617-5563 (Fax)

**ATTORNEYS FOR DEFENDANTS BACKSLIDERS, LLC, DBA SOUTH AUSTIN BEER GARDEN, RYAN THOMAS, AND DAVID PEARCE**

## CERTIFICATE OF CONFERENCE

I hereby certify that on the 19th day of September 2023, I conferred with counsel for Plaintiff and they stated that this motion is **opposed**.

/s/ *William T. Palmer*
William T. Palmer

3

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 26th day of September, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

Aaron Charles de la Garza
Aaron Charles de la Garza, PLLC
509 W. 18th Street
Austin, Texas 78701
aaron@adlglaw.com

Douglas B. Welmaker
Welmaker Law, PLLC
409 Fredonia, Suite 118
Longview, Texas 75601
doug@welmakerlaw.com

                                      /s/ *William T. Palmer*
                                      William T. Palmer