IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ISABELLA BERNAL, Individually and on Behalf of All Others Similarly Situated,<br>    Plaintiff,<br><br>v.<br><br>BACKSLIDERS, LLC dba "South Austin Beer Garden," RYAN THOMAS, and DAVID B. PEARCE,<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 1:23-CV-00471-RP |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO DISMISS OR STRIKE DEFENDANTS' COUNTERCLAIM**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants Backsliders, LLC, dba South Austin Beer Garden ("SABG"), Ryan Thomas and David Pearce file Defendants' Response to Plaintiff's Motion to Dismiss or Strike Defendants' Counterclaim and in support thereof would show the Court the following:

### I.   INTRODUCTION

1. This case presents a question of first impression: when an employee purports to participate in an allegedly invalid tip pool by receiving distributions from that tip pool and ostensibly contributing all of her tips to that same tip pool, and then brings a collective action claiming that the tip pool misappropriated her and her coworkers' tips, should the employer's claim that the employee fraudulently kept some portion of tips out of the tip pool be resolved in a separate action from the employee's FLSA claims?

2. The obvious answer is no. An employee's fraudulently keeping some of her own tips while purporting to fully participate in (and receiving distributions from) a tip pool is inextricably

1

linked to Defendant's liability, Plaintiff's damages, and, most important and unusual here, the damages of any other allegedly similarly situated employees.

3. Defendants are not aware of any case law involving this unusual set of facts – i.e., where an individual employee plaintiff's fraudulent activity caused other similarly situated workers in the purported collective action to receive less in compensation than they otherwise would have received, *and* where that money went to the plaintiff employee and not the employer. To the extent any case law bears on whether Defendant's counterclaims should be resolved in this action, courts generally consider whether the counterclaims relate to the hours plaintiffs worked or the amount they were compensated.

4. In this case, Defendant's counterclaim bears directly on Plaintiff's compensation and the compensation of other similarly situated employees. On every night that she worked for SABG, Plaintiff received a distribution from the tip pool, which was calculated based on the assumption that she had contributed all tips she personally received into the tip pool. By taking a proportionate share of the tip pool while secretly keeping tips from the pool, Plaintiff did not just *receive* additional compensation – she *took away* compensation from her coworkers who participated in the tip pool, and who would be members of the very collective action that she now purports to bring on their behalf.

5. Under this unusual and, as far as Defendants can tell, unprecedented set of facts, it makes absolutely no sense to have a separate lawsuit to address Defendant's counterclaim that Plaintiff pocketed tips.

6. As set forth below, this Court has supplemental jurisdiction over Defendant's counterclaim that Plaintiff pocketed tips, because it is a compulsory counterclaim.

7. Defendant also has a counterclaim against Plaintiff for giving away free drinks, which Defendant argues below is also compulsory, and thus, subject to the Court's jurisdiction.

## II.   FACTUAL BACKGROUND

8. Plaintiff Isabella Bernal previously worked as a bartender for SABG from July 2021 to July 2022, when she was terminated for serving free drinks to her friends.

9. SABG operates a tip pool, which Plaintiff claims is legally invalid for various reasons. Plaintiff alleges that both she and other similarly situated employees are therefore "entitled to reimbursement of all misappropriated tips plus an equal amount in liquidated damages." Complaint, ¶ 70.

10. Prior to Plaintiff's termination, an employee of SABG witnessed her keep a cash tip that should have gone into the communal tip jar, per the company's tip pool policy. Plaintiff Isabella Bernal then expressly admitted to this employee that she had done this on multiple occasions. Counterclaim, ¶¶ 4-5.

11. Plaintiff filed this action on April 26, 2023. On August 25, 2023, Defendant asserted counterclaims for theft against Plaintiff based on both (1) her giving away free drinks to her friends, and (2) her pocketing tips while claiming a proportionate share of the tip pool distributions. *See* Dkt. 13.

## III.   ARGUMENT

12. Plaintiff's Motion to Dismiss for lack of subject matter jurisdiction under Fed R. Civ. P. 12(b)(1) should be denied because this Court has subject matter jurisdiction over Defendant's counterclaims.

13. "It is well established that federal courts have supplemental jurisdiction over compulsory counterclaims." See *Solano v. Ali Baba Mediterranean Grill, Inc.*, No. 3:15-CV-0555-G2015

3

2015 U.S. Dist. LEXIS 162455, *6 (Dec. 3, 2015) (citing *Plant v. Blazer Financial Services, Inc.*, 598 F.2d 1357, 1359 (5th Cir. 1979)).

14. As Plaintiff sets forth in her Motion, SABG's counterclaims are compulsory if they meet *any* of the following four criteria:

    ("1) whether the issues of fact and law raised by the claim and counterclaim largely are the same; (2) whether res judicata would bar a subsequent suit on defendant's claim absent the compulsory counterclaim rule; (3) whether substantially the same evidence will support or refute plaintiff's claim as well as defendant's counterclaim; and (4) whether there is any logical relationship between the claim and the counterclaim."

*Tank Insulation Int'l Inc. v. Insultherm, Inc.*, 104 F.3d 83, 85–86 (5th Cir.1997).

   a. **SABG's Counterclaim Against Plaintiff for Stealing Tips Is A Compulsory Counterclaim.**

      i. **The Counterclaim Involves The Same Issues of Law And Fact Raised by Plaintiff's Claims Against SABG**

15. Plaintiff alleges that "Defendants required SABG's bartenders and barbacks to contribute their tips to a mandatory tip pool, which was then allocated in cash by Defendants at the end of each night." Complaint ¶ 34. She further alleges that "[t]he tip pool was invalid as Defendants as a matter of policy and practice, distributed Plaintiff's and Class Members' tips" to supervisory employees, non-employees, employees who do not customarily and regularly receive tips, and to the employer itself, in violation of the FLSA. Id., ¶¶ 36-40.

16. All of these legal arguments are predicated on Plaintiff's factual allegation that she had to give up her tips to an invalid tip pool. Likewise, SABG's counterclaim against Plaintiff alleges that "she committed theft every time she kept tips to herself that should have gone to the company's tip pool." SABG's Counterclaim, ¶ 17.

17. As such, it is readily apparent that both claims require resolution of some of the same factual and legal questions, including the following:

**Factual Questions**

- Did Plaintiff keep cash tips to herself rather than contributing them to the tip pool?
- How frequently did she engage in this practice?
- How much money did she keep to herself?
- How much would she have received in tips had she contributed that money to the tip pool and had her distributions adjusted accordingly?
- How much would her coworkers have received in tips had she contributed that money to the tip pool and had their distributions adjusted accordingly?

**Legal Questions**

- Was the tip pool a legally invalid tip pool such that Plaintiff was entitled to not contribute her cash tips to the tip pool?

18. Plaintiff argues that "[f]ederal courts in Texas have consistently found that similar counterclaims in FLSA cases do not raise issues of law and fact that are 'largely the same' as the plaintiff's claims under the FLSA," but the cases Plaintiff cites for that proposition are inapposite because the nature of the counterclaims at issue are fundamentally different from the present one.  Mot. ¶ 3.3.

19. First, the defendant's counterclaim in *Iniesta v. Ula's Washington*, LLC, 2018 U.S. LEXIS 138241, *1-2 (S.D. Tex. July 18, 2018) ("Inietsa") was based on the allegation that the employee "'stole and/or misappropriated funds through a fraudulent scheme by entering customers' bills into the system as comped and then taking money from the customers' and 'additionally stole a number of items of personal property from the restaurant' where he

worked." The Court concluded that the claim was not compulsory because the "allegations [] have nothing to do with the number of hours Plaintiff worked or the manner in which his tips were calculated." (Emphasis added.)

20. By contrast, the allegation that Plaintiff pocketed tips is directly relevant to the manner in which her tips were calculated. The amount of money that Plaintiff received from the tip pool was necessarily calculated on the assumption that Plaintiff contributed all of her tips to the tip pool; but if she kept her tips, then her proportionate share of the tip pool would need to be reduced to account for the distributions paid to her that should have gone to her coworkers.

21. Second, in *Jackson v. Hardrock Landscapes*, LLC, 1:21-CV-1003-DH, 2023 WL 2672402, at *2-3 (W.D. Tex. Mar. 28, 2023) ("*Jackson*"), the counterclaim at issue was based on the allegation that the employee had stolen some of the employer's personal property. As such, it likewise it did not involve any of the same issues of facts or law as Plaintiff's claim for unpaid overtime. The case did not involve tips or tip pools.

22. Third, in *Cortes v. Distribuidora Monterrey Corp.*, No. 3:08-CV-1077-M, 2008 U.S. Dist. LEXIS 101229, *1-2 (N.D. Tex. Dec. 11, 2008), the plaintiff brought claims for unpaid minimum wage and overtime compensation. Defendant employer alleged that the employee, who had rented a room from the defendant, had stolen several large home appliances and had also failed to remit payments received from customers to defendant. Id. The employer brought counterclaims for theft and breach of contract. The case also did not involve tips or tip pools.

23. By contrast, federal courts in Texas hold that counterclaims in an FLSA case are compulsory when they involve resolution of the same questions about the compensation that the Plaintiff received.

6

24. In *Reyes v. Bona 1372, Inc.,* 2018 U.S. Dist. LEXIS 65316 (E.D. Tex. Mar. 15, 2018), the plaintiffs alleged that "Defendants failed to pay overtime wages under the FLSA by requiring a pseudonym scheme for hours the Plaintiffs actually worked at the Defendants' restaurants." Id. at *10-11. By contrast, Defendants alleged that "the pseudonym scheme was fraudulently initiated and carried out by the Plaintiffs, and not all hours the Plaintiffs spent on-the-clock were actually spent working at the Defendants' restaurants." Id. The court concluded that Defendants' claims for fraud, conspiracy, breach of fiduciary duty, and conversion were all compulsory claims because they all depend on the same factual questions:

    > Did the Plaintiffs initiate the pseudonym scheme themselves, or did the Defendants initiate the scheme? Did the Plaintiffs carry out the pseudonym scheme themselves, or did the Defendants require or assist with the scheme? Did the Plaintiffs actually work the hours reported when they were on-the-clock, or are the reported hours fraudulent?

    *Id.* at 11. See also, *Solano v. Ali Baba Mediterranean Grill, Inc.*, No. 3:15-CV-0555-G2015, U.S. Dist. LEXIS 162455, *14-15 (N.D. Tex. Dec. 3, 2015) (in suit for unpaid overtime, Defendant's claim that Plaintiff fraudulently inflated his hours was compulsory because it "relates directly to the hours worked and the wages received for those hours"); *Hernandez v. ARC Trading Co.*, No. 3:17-cv-2057-BN, 2018 U.S. Dist. LEXIS 73480, *27-28 (N.D. Tex. May 1, 2018) (holding same).

25. As Plaintiff discusses in her motion, the distinction between the *Iniesta*, *Jackson*, and *Cortes* opinions cited by Plaintiff and the *Reyes*, *Solano*, and *Hernandez* opinions cited herein comes down to whether "'the money being set off can be considered wages that the employer pre-paid to the employee-plaintiff.'" Mot. ¶ 3.11 (quoting *Martin v. PepsiAmericas, Inc.*, 628 F.3d 738, 740 (5th Cir. 2010)).

7

26. However, citing no legal authority whatsoever, Plaintiff makes the claim that "tips . . . [do not] constitute wages under the FLSA." Mot. ¶ 3.11. Of course they do, at least for purposes of this threshold question of whether or not the counterclaims should be resolved in this action as opposed to a separate one. That is, in fact, the entire purpose of the tip wage credit. See 29 CFR 531.59 (referring to "the additional amount by which the wages of the tipped employee are increased on account of the tip credit claimed by the employer"). If an employee's "wages" are increased "on account of tips" they receive, then tips are necessarily wages for purposes of this analysis.

27. And as described below, it is impossible to resolve either Plaintiff's purported wage claims or those of the purported collective action without answering key factual and legal questions that likewise bear on SABG's counterclaims.

### ii. Res Judicata Would Bar Defendant from Asserting Its Counterclaim in A Subsequent Lawsuit

28. In her cause of action for misappropriation of tips, Plaintiff alleges that she "and the Class Members are entitled to reimbursement of all misappropriated tips." Compl. ¶ 70. Accordingly, Plaintiff's claim necessarily requires a determination as to the amount of her tips that were allegedly misappropriated, if any. That necessarily requires a determination of two numbers: (1) the amount she *actually received* in tips, and (2) the amount she *should have* received in tips but for the alleged misappropriation of some portion of her tips. Furthermore, since the money Plaintiff pocketed would have otherwise gone into the tip pool and been distributed to her coworkers, resolution of the wage claims of other members of purported collective action would also require a factfinder to determine the extent to which Plaintiff kept money from the tip pool.

29. Any factual finding as to the amount of money that Plaintiff received in tips would have preclusive effect on a subsequent allegation by SABG that Plaintiff actually received additional money from tips that she pocketed and did not put into the tip pool. *Vines v. Univ. of La.*, 398 F.3d 700, 705 (5th Cir. 2005) ("the doctrine of collateral estoppel applies to prevent issues of ultimate fact from being relitigated between the same parties in a future lawsuit if those issues have once been determined by a valid and final judgment").

### iii. All of The Same Evidence That Will Support Defendant's Counterclaim Will Also Help to Refute, in Part, Plaintiff's Claim

30. In support of SABG's counterclaim, the evidence of how much money Plaintiff pocketed in tips will consist of the testimony of Vince Vieleuf and other employees of SABG, as well as, presumably, the testimony of Plaintiff. As stated above, that testimony would inevitably be introduced to refute, at least in part, Plaintiff's claim for damages for her FLSA claim. That testimony would also bear on the damages of Plaintiff's coworkers who participated in the tip pool and whose tip pool distributions were negatively affected by pocketing tips. Defendant is not aware of any other testimony or documentary evidence that would bear on this question.

### iv. There Is A Logical Relationship Between Plaintiff's Claims And The Counterclaim

31. "'The logical relation test is a loose standard which permits a broad realistic interpretation in the interest of avoiding a multiplicity of suits. The hallmark of this approach is its flexibility.'" Cordero v. Voltaire, LLC, A-13-CA-253-LY, 2013 U.S. Dist. LEXIS 172532, *13 (Dec. 6, 2013) (quoting Plant v. Blazer Financial Servs., 598 F.2d 1357, 1359 (5th Cir. 1979)

32. Courts have routinely found a logical relationship between a Plaintiff's FLSA claim and a Defendant's counterclaim where both claims are depend on the hours plaintiff worked and/or the hours the amount of compensation they received or should have received.

> The FLSA claim and counterclaims for theft of services and fraud focus on the amount of overtime pay owed to the plaintiff. To prevail on their counterclaim for theft of services, the defendants will need to show that the plaintiff appropriated the defendants' money through some unlawful means, such as misrepresenting the hours he worked. To prevail on their counterclaim for fraud, the defendants will need to present evidence showing that the plaintiff billed them for false or inflated overtime hours. There is a logical relationship between the operative facts and evidence needed to prove the plaintiff's FLSA claim and the defendants' counterclaims for theft of services and fraud. Thus, the court concludes that the defendants' counterclaims for theft of services and fraud are compulsory.

*Hernandez v. ARC Trading Co.*, 2018 U.S. Dist. LEXIS 73480 at *27-28 (citations omitted). *See* also *Solano v. Ali Baba Mediterranean Grill, Inc.,* No. 3:15-CV-0555-G2015, U.S. Dist. LEXIS 162455, *14-15 (N.D. Tex. Dec. 3, 2015) (holding same); *Cordero v. Voltaire, LLC,* 2013 U.S. Dist. LEXIS 172532, at *13 (counterclaim for fraudulent inflation of work hours was logically related to Plaintiff's FLSA claim).

### b. SABG's Counterclaim Against Plaintiff for Stealing Drinks Is a Compulsory Counterclaim

33. SABG's counterclaim against Plaintiff for stealing drinks is a compulsory counterclaim because it involves at least some of the same questions of fact as Plaintiff's FLSA claim, namely, the hours she worked. There is no reasonable way to assess when or to what extent Plaintiff engaged in the practice of giving away drinks to her friends without assessing what hours she was on the clock a SABG.

34. Furthermore, similar evidence would be relevant to both Plaintiff's claim and SABG's counterclaims: testimony and documentary evidence as to the hours that Plaintiff was working as a bartender at SABG.

35. Furthermore, any findings regarding the hours she worked would have preclusive effect on any subsequent action by SABG.

### IV.     CONCLUSION

Defendants, Backsliders, LLC, dba South Austin Beer Garden, Ryan Thomas and David Pearce, pray the Court that upon trial hereof, Plaintiff recover nothing and that Defendants recover their damages in an amount to be proved at trial, as well as costs and attorneys' fees, and for such other and further relief as they may show themselves justly entitled.

Respectfully Submitted,

/s/ *William T. Palmer*
Thomas A. Nesbitt
tnesbitt@dnaustin.com
Texas Bar No. 24007738
Laura J. Goodson
lgoodson@dnaustin.com
Texas Bar No. 24045959
William T. Palmer
wpalmer@dnaustin.com
Texas Bar No. 24121765
DeShazo & Nesbitt L.L.P.
809 West Avenue
Austin, Texas  78701
512/617-5560
512/617-5563 (Fax)

**ATTORNEYS FOR DEFENDANTS BACKSLIDERS, LLC, DBA SOUTH AUSTIN BEER GARDEN, RYAN THOMAS, AND DAVID PEARCE**

## **CERTIFICATE OF SERVICE**

       I hereby certify that on the 26th day of September, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

Aaron Charles de la Garza
Aaron Charles de la Garza, PLLC
509 W. 18th Street
Austin, Texas 78701
aaron@adlglaw.com

Douglas B. Welmaker
Welmaker Law, PLLC
409 Fredonia, Suite 118
Longview, Texas 75601
doug@welmakerlaw.com

                                                    /s/ *William T. Palmer*
                                                    William T. Palmer