IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ISABELLA BERNAL, Individually and On Behalf of All Others Similarly Situated, | § § § § |
| Plaintiff, | § § |
| v. | § Civil Action No. 1:23-CV-00471-RP § § |
| BACKSLIDERS, LLC D/B/A SOUTH AUSTIN BEER GARDEN, DAVID B. PEARCE AND RYAN THOMAS, | § § § § § |
| Defendants | § |

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO DISMISS OR STRIKE DEFENDANTS' COUNTERCLAIM**

Plaintiff files this Reply to Defendants' Response to Plaintiff's Motion to Dismiss or Strike Defendants' Counterclaims ("Response").

### I.   Background

1.1.   Plaintiff Isabella Bernal, individually and on behalf of all others similarly situated, filed this lawsuit on April 26, 2023, seeking damages under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. Dkt. 1. Plaintiff's lawsuit alleges that Defendants forfeited the tip credit under the FLSA by, among other reasons, requiring Bernal and the putative class to participate in an illegal tip pool. Dkt. 1 at ¶2.

1.2.   Defendants answered on May 22, 2023. Dkt. 8. On August 25, 2023, Defendants filed their counterclaim, which alleged that (a) Plaintiff pocketed cash tips instead of contributing them to the mandatory tip pool and (b) Plaintiff gave away drinks to her friends. Dkt. 13. Plaintiff filed her Motion to Dismiss or Strike Defendants' Counterclaim on September 12, 2023, asserting that

Defendants' counterclaim should be struck under Fed.R.Civ.P. 15(a) as it was untimely filed[1], and further asserting that the counterclaim should be dismissed for lack of jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). Dkt. 14.

1.3. On September 26, 2023, Defendants filed their Response to Plaintiff's Motion. Dkt. 18. This Response argues that the Court should deem the counterclaim compulsory or, if the counterclaim is deemed permissive, that the Court should exercise its supplemental jurisdiction over the counterclaim. *Id.* 18. Defendants argue that the allegations in the counterclaim are "inextricably linked to Defendant's liability, Plaintiff's damages, and, most important and unusual here, the damages of any other allegedly similarly situated employees," and that the "counterclaim bears directly on Plaintiff's compensation and the compensation of other similar situated employees." Dkt. 18, ¶¶ 2, 4.

1.4. Accordingly, the Response argues that Defendants' counterclaim falls within the narrow exception to the Fifth Circuit's general prohibition on FLSA counterclaims, applicable where a counterclaim seeks a set-off of "money [that] can be considered wages that the employer pre-paid to the employee-plaintiff." Dkt. 18, ¶ 25, quoting *Martin v. PepsiAmericas, Inc.*, 628 F.3d 738, 740 (5th Cir. 2010). Defendants argue that the cash tips allegedly pocketed by Plaintiff (and the free drinks she allegedly gave to friends) fall into this narrow exception because they "are necessarily wages for the purposes of this analysis," and thus should be considered a pre-payment of wages to P. Dkt. 18, ¶26.

## II. Summary of Reply Points

**A. Plaintiff's alleged pocketing of cash tips (or giving away drinks) has no bearing on defendants' liability under the FLSA**

---

[1] Defendants filed their request for leave to file their counterclaims on September 26, 2023. Dkt. 17. This request is opposed, and will be responded to separately.

    i.      **If Defendants have violated 29 U.S.C. § 203(m), they lose the benefit of the tip credit and are liable for difference between tip wage and minimum wage; the amount of tips given to (or pocketed by) Plaintiff has no bearing on Defendants' liability or damages.**

    ii.     **If Defendants have violated 29 U.S.C. § 203(m), they are further liable for "all tips unlawfully kept by the employer." Whether Plaintiff pocketed a cash tip has no bearing on the amount of tips unlawfully kept by Defendants..**

    iii.    **Tips are not wages or remuneration paid by the employer and thus do not constitute pre-paid wages.**

    iv.    **As Defendants do not own or have the right to possess the tips allegedly pocketed by Plaintiff, Defendants have no standing to bring their counterclaim alleging theft of those tips.**

B. **This is not a case of "first impression." A long line of Fifth Circuit cases holds that counterclaims are not permitted in FLSA cases, with a narrow exception involving pre-paid wages. The cases cited by Defendants all rely upon this narrow exception, which does not apply to Defendants' counterclaims.**

C. **The allegation that Plaintiff gave away drinks to her friends has no bearing or connection to the FLSA claims.**

### III.   Argument and Authorities

A. **Plaintiff's alleged pocketing of cash tips (or giving away drinks) has no bearing on Defendants' liability under the FLSA**

3.1    Defendants' Response argues that the counterclaim's allegations (that Plaintiff, while bartending for Defendants, pocketed cash tips and served free drinks to her friends) are "inextricably linked to Defendant's liability, Plaintiff's damages, and, most important and unusual here, the damages of any other allegedly similarly situated employees" and that this link arises because the "counterclaim bears directly on Plaintiff's compensation and the compensation of other similar situated employees." Dkt. 18, ¶ 4. However, Defendants never explain *how* their counterclaim would affect, impact, or otherwise bear upon the FLSA claims asserted by Plaintiff on her behalf or the behalf of those similarly situated.

3.2.    Indeed, whether Plaintiff pocketed cash tips (and thus did not deposit those cash tips into the tip pool) does not have any bearing on Plaintiff's FLSA claims or the claims of those similarly situated.  Plaintiff's FLSA claim is brought under §§ 203 and 206 of the FLSA.  Section 206 requires employers to pay their employees at least the minimum wage (currently $7.25 per hour).  29 U.S.C. § 206(a).  Section 203(m) of the FLSA generally permits an employer to pay "tipped employees" a subminimum cash wage so long as that cash wage plus credited tips (the "Tip Credit") add up to the minimum wage.  29 U.S.C. § 203(m).

> **i.    If Defendants have violated 29 U.S.C. § 203(m), Defendants are liable for the difference between tip wage and minimum wage, regardless of the amount of tips given to (or pocketed by) Plaintiff.**

3.3.    If an employer fails to satisfy 29 C.F.R. § 203(m),  the tip credit is forfeited,  and the affected employees are entitled to the difference between the cash "tip wage" they were paid by the employer and the minimum wage.  29 C.F.R. § 531.59(a).   The employer is liable for the difference between the cash "tip wage" and the minimum wage regardless of the amount of tips pocketed or received from the tip pool.  *See Frechette v. Zia Taqueria, LLC*, No. 2:18-CV-3208-DCN, 2020 WL 13617433, at *4 (D.S.C. Apr. 7, 2020) (in FLSA tip pool case, denying counterclaim for pocketed tips: "the amount of tips that plaintiffs collected at Zia has no bearing on the defendants' liability under § 203 of the FLSA. The relevant question here is whether defendants violated § 203. . . . Even if plaintiffs' tax returns reveal large sums of unreported tips, such evidence would be irrelevant to the question of the defendants' FLSA liability and the relief to which plaintiffs may be entitled").  Thus, the operative measure of damages remains exactly the same regardless of whether Plaintiff pocketed cash tips given to her by customers.

> **ii.   If Defendants have violated 29 U.S.C. § 203(m), Defendants are liable for "all tips unlawfully kept by the employer," regardless of the amount of tips given to (or pocketed by) Plaintiff.**

3.4.     Plaintiff, on her behalf and on behalf of others similarly situated, also seeks recovery of tips that were unlawfully kept by Defendants, as permitted by 29 U.S.C. § 216(b) for a violation of 29 U.S.C. § 203(m) ("Any employer who violates section 203(m)(2)(B) of this title shall be liable to the employee or employees affected in the amount of the sum of any tip credit taken by the employer and all such tips unlawfully kept by the employer, and in an additional equal amount as liquidated damages."). Defendants' Response argues, without authority or explanation, that a determination of the amount unlawfully kept by Defendants measure of damages is likewise inextricably intertwined with Defendants' counterclaim, and that is necessary for "a factfinder to determine the extent to which Plaintiff kept money from the tip pool." Dkt. 18, ¶ 28.

3.5.     Whether Plaintiff pocketed a cash tip (and thus did not contribute that cash tip to the tip pool) has no bearing on the FLSA claims in this lawsuit or on Defendants' liability or damages to Plaintiff or to those similarly situated. The reason is self-evident: cash tips pocketed by Plaintiff would never reach Defendants (through Defendants' facilitation of the tip pool or otherwise) and thus could not have been "unlawfully kept" by Defendants. 29 U.S.C. § 216(b).

### iii.   Tips are not wages or remuneration paid by the employer and do not constitute pre-paid wages.

3.6.     Defendants' Response repeatedly suggests, without authority or explanation, that Plaintiff's allegedly pocketing cash tips "*took away* compensation from her coworkers who participated in the tip pool." Dkt. 18, ¶ 4. The argument here appears to be that Plaintiff's pocketing a cash tip instead of placing it into a shared cash tip jar reduced the total dollar amount tip pool for that day, and thus potentially resulted in a lower distribution to coworkers participating in the tip pool.[2] In support, the Response argues that these tips should be considered "wages." Dkt. 18, ¶ 26

---

[2] "Potentially" as Defendants have not, to date, disclosed the manner in which the tip pool operated, including the amount of tips that it required to be placed into the tip pool or the percentages or other methods used to calculate distributions. This information is the subject of pending discovery requests to Defendants. However, for the purposes of this Reply, it

(asserting that "tips are necessarily wages for the purposes of this analysis.").

3.7. Defendant is incorrect. Under the FLSA, a "tip is a sum presented by a customer as a gift or gratuity in recognition of some service performed for the customer." 29 C.F.R. § 531.52(a). Tips are not wages, nor are tips (or the "tip credit") otherwise compensation or remuneration paid by an employer. *See Knox v. Jones Group,* 201 F.Supp.3d 951, 955 fn.3 ("Under the FLSA and its implementing regulations, tips are not wages paid by the employer. 29 C.F.R. § 531.52. An employer may use tips as a 'credit' toward its minimum wage obligations but the total wages paid to a 'tipped employee' by an employer utilizing the tip credit are always below the full minimum wage"); *see also Rest. Law Ctr. v. United States Dep't of Labor*, No. 1:21-CV-1106-RP, 2023 WL 4375518, at *1 (W.D. Tex. July 6, 2023) (the "tip credit" allows employers "to offset the employee's wages by the amount of tips, down to $2.13 per hour, so long as the employee's total earnings—**wages plus tips**—add up to minimum wage") (emphasis added).

3.8. Tips given to an employee belong to the employee, and may not be kept or used by the employer for any purpose beyond the facilitation of a valid tip pool. 29 U.S.C. § 203(m)(2)(B); 29 CFR § 531.52. Nor are tips received by an employee in excess of the amount required to satisfy the tip credit considered compensation or remuneration paid by the employer. *See* 29 CFR § 531.60 ("Any tips received by the employee in excess of the tip credit need not be included in the regular rate. Such tips are not payments made by the employer to the employee as remuneration for employment within the meaning of the Act.").

3.9. As discussed above, whether Plaintiff pocketed cash tips has no effect on any of the measures of liability or damages under the FLSA claims in this lawsuit. Defendants do not identify (and Plaintiff is unaware of) any provision in the FLSA or its regulations that would permit

---

is assumed that Plaintiff's pocketing a cash tip (and not putting it into the tip pool) could lower the tips distributed from the tip pool to a given employee.

Defendants to make a claim on behalf of its employees for Plaintiff's alleged pocketing of tips.

3.10. Even if there were a cognizable claim based upon Plaintiff's pocketing cash tips and thus reducing the amount of tips distributed from the tip pool, Defendants would have no standing to assert it. Likewise, Defendants do not have standing to bring their counterclaim under the Texas Theft Liability Act based upon Plaintiff's alleged pocketing of tips as a claim under the Act requires that the claimant "own the property at issue." Texas Pattern Jury Charge 7.2 (General Negligence 2002); Texas Penal Code § 1.07(a)(35), (a)(39); Tex.Civ.Prac.&Rem.Code Ch. 134. As discussed above, tips are the property of the tipped employee, not of the employer, and may not be kept by the employer. *See Knox,* 201 F.Supp.3d at 955 fn.3; 29 C.F.R. § 531.60. Defendants cannot maintain a claim under the Texas Theft Liability Act for theft of tips since they did not own the tips that were allegedly stolen (and moreover, were never in possession of these tips, which Defendants instead allege were pocketed by Plaintiff).[3]

**B.     This is not a "Case of First Impression."  A long line of Fifth Circuit cases holds that counterclaims are not to be permitted in FLSA cases, with a narrow exception pre-paid wages.  The cases cited by Defendants all rely upon this narrow exception, which does not apply.**

3.11. Defendants, in paragraph 1 of their Response, assert that this case is a "case of first impression." It is not. As was stated in Plaintiff's Motion, the Fifth Circuit has, with a single narrow exception, held that "counterclaims are inappropriate in any case brought to enforce the FLSA's minimum wage and overtime provisions." *Martin v. PepsiAmericas, Inc.*, 628 F.3d 738, 741 (5th Cir. 2010).[4]

---

[3] Defendants also appear to argue that the alleged pocketing of cash tips by Plaintiff could affect whether the other bartenders and barbacks were similarly situated to Plaintiff. While Plaintiff does not agree, this argument is properly made in Defendants' response to Plaintiff's request for the issuance of notice, and has no bearing on the propriety of the counterclaims.

[4] Further, as is cited to earlier in this Reply, the court in *Knox v. Jones Group,* 201 F.Supp.3d 951, 955 fn.3 has examined and rejected a counterclaim asserting unreported tips in an FLSA tip pool case. And cases in this district have examined and rejected counterclaims proposed by defendants in tip pool cases. *See Iniesta v. Ula's Washington, LLC,* No. CV H-17-2668, 2018 WL 3912256, at *1 (S.D. Tex. July 18, 2018).

3.12.   The Fifth Circuit, in *Singer v. City of Waco,* recognized a narrow exception to its general prohibition of counterclaims in FLSA actions, permitting an employer to claim a set-off against FLSA damages based upon prior overpayments of wages.   324 F.3d 813 (5th Cir. 2003).  The Fifth Circuit has repeatedly cautioned that the exception is narrow, and that it only applies where the employer has effectively pre-paid wages to the employee, which can then be credited or offset against the employee's FLSA damages.   *See Martin,* 628 F.3d at 742 ("we continue to look with disfavor upon set-offs unless the money being set-off can be considered wages that the employer pre-paid to the plaintiff-employee.").

3.13.   Defendants' Response cites to several Texas district court cases that have permitted counterclaims in an FLSA action, determining that the counterclaims were compulsory.   However, as detailed below, the decision to permit the counterclaim in each of these cases was predicated upon the alleged overpayment of wages stemming from the plaintiff-employee's alleged falsification of time records.

3.14.   At least two Texas federal district courts have surveyed the Texas federal district court cases permitting counterclaims to FLSA cases, including the cases cited in the Response (also discussed separately below).  The court in *Carnley v. Muggle Towing, LLC*, after a review of each of the cases cited in the Response, concluded that "courts finding that a counterclaim in an FLSA overtime suit is compulsory, have done so only in narrow circumstances where the counterclaim relates directly to the number of overtime hours worked."  No. 6:20-CV-225-JDK, 2021 WL 710737, at *4 (E.D. Tex. Feb. 1, 2021) ("[D]istrict courts in the Fifth Circuit routinely dismiss counterclaims that do not directly relate to Plaintiffs' wage claims, such as by challenging the amount of overtime hours worked or wages due. (citation omitted).").   In *Kimbrough v. Khan*, the court conducted an in-depth and detailed review of Fifth Circuit law on the permissibility of counterclaims in FLSA actions,

including a review of the cases cited by Defendants in their Response, and concluded that "the general rule in the Fifth Circuit is to strongly disfavor permitting counterclaims in an FLSA overtime wage case, with a narrow exception for crossclaims that seek to offset prepaid overtime wages against any damages a plaintiff may recover." 2:18-CIV-82-Z-BR, 2020 WL 10963979, at *19 (N.D. Tex. Apr. 8, 2020).

    3.15. A review of the cases cited by Defendants in support of permitting their counterclaims confirms the accuracy of the analysis of the courts in *Kimborough* and *Carnley*:

- *Solano v. Ali Baba Mediterranean Grill, Inc.* is cited in paragraph 32 of the Response as an example of a FLSA case in which a counterclaim was permitted. No. 3:15-CV-0555-G, 2015 WL 7770893, at *5 (N.D. Tex. Dec. 3, 2015). The decision in *Solano* concerned a counterclaim asserted that the employee-plaintiff had received an overpayment of wages based on his exaggeration of hours worked; counterclaim was thus "permitted under the exception created in *Singer* and expressly defined in *Gagnon* and *Martin*").

- *Cordero v. Voltaire, LLC,* is cited in paragraph 32 of the Response as another example of a permitted counterclaim in an FLSA case. No. AU-13-CA-253-LY, 2013 WL 6415667. at *3 (W.D. Tex. Dec. 6, 2013). This report and recommendation of Magistrate Judge Austin recommended that counterclaim be permitted in FLSA case as plaintiffs were accused of falsifying and overreporting time worked (but denying counterclaim under Texas Theft Liability Act). *Id.*

- *Reyes v. Bona 1372, Inc.*, cited in paragraph 24 of the Response as another example of a permitted counterclaim in an FLSA case. No. 1:17-CV-16, 2018 WL 1868106 (E.D.Tex. March 15, 2018). *Reyes* permitted counterclaim as compulsory since defendants claimed that Plaintiffs had been overpaid as a result of plaintiffs having submitted fictitious time sheets).[5] *Id.*

- *Hernandez v. ARC Trading Co.*, cited in paragraph 32 of the Response as another example of a permitted counterclaim in an FLSA case. No. 3:17-CV-2057-BN, 2018 WL 2017680, at *10 (N.D. Tex. May 1, 2018). *Hernandez* held that "counterclaims for theft of services and fraud should be permitted under the exception in *Singer* because the claims relate to the number of hours the plaintiff actually worked for the defendants and whether the defendants owe him overtime wages under the FLSA." *Id.*

---

[5] *Reyes* was disapproved of in *Kimborough*, 2020 WL 10963979 at *20 fn.124 (declining to apply *Reyes* as it was contrary to the "unbroken line of Fifth Circuit cases from *Brennan* through *Martin*" and was not binding authority.").

3.16 As shown above, all of the cases cited by Defendants which permitted a counterclaim in an FLSA case did so based upon the Fifth Circuit's narrow exception where "the money being set-off can be considered wages that the employer pre-paid to the plaintiff-employee." *Martin,* 628 F.3d at 742; *see also Gagnon,* 607 F.3d at 1042.   These cases are inapplicable since the cash tips allegedly pocketed by Plaintiff did not constitute wages or other remuneration paid by the employer.  *See Knox,* 201 F.Supp.3d at 955 fn.3; 29 C.F.R. § 531.60.  Accordingly, Defendants' counterclaim should be struck or dismissed as it does not fit within the narrow exception to the Fifth Circuit's general prohibition against counterclaims in FLSA lawsuits.

### C. The allegation that Plaintiff gave away drinks to her friends has no bearing or connection to the FLSA claims

3.17 Defendants' Response is largely concerned with the allegation that Plaintiff's pocketed of cash tips.  However, the Response does assert that the allegation that Plaintiff gave away drinks to her friends is a compulsory counterclaim because it "involves at least some of the same questions of fact as Plaintiff's FLSA claim, namely, the hours she worked." *Dkt.* 18, ¶ 33.  By way of explanation, Defendants state that "[t]here is no reasonable way to assess when or to what extent Plaintiff engaged in the practice of giving away drinks to her friends without assessing what hours she was on the clock at SABG." *Id.*   Defendants' argument does not make sense.  Defendants' counterclaim alleges that Plaintiff "stole" from Defendants by serving free drinks to her friends; it is unclear why it matters whether or not Plaintiff was on the clock when she allegedly committed this theft.  *Dkt*. 13, ¶¶ 17-18. Defendants otherwise do not explain why the allegation that Plaintiff served free drinks to her friends has any bearing on her FLSA claim.

### Conclusion and Prayer

There is only a narrow exception to the Fifth Circuit's general prohibition against

counterclaims in FLSA cases. Defendants' counterclaim does not meet this exception as it does not seek to off-set pre-paid wages. Thus, and for the reasons stated in its Motion and this Reply, Plaintiff Isabella Bernal individually and on behalf of putative class, asks the Court to dismiss Defendants' counterclaim in its entirety, or, in the alternative, strike Defendant's counterclaim, and to otherwise grant Plaintiff all other and further relief to which Plaintiff is entitled.

    Respectfully submitted,

/s/ *Aaron Charles de la Garza*
**Aaron Charles de la Garza**
Attorney in Charge
State Bar No. 24028282
Aaron C de la Garza, PLLC
509 W. 18th St.
Austin, Texas 78701
Telephone: (512) 474-7054
Fax: (512) 474-5605
aaron@adlglaw.com

/s/  *Douglas B. Welmaker*
**Douglas B. Welmaker**
State Bar No. 00788641
Welmaker Law, PLLC
409 N. Fredonia, Suite 118
Longview, Texas 75601
Phone: (512) 799-2048
Email: doug@welmakerlaw.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing *Plaintiff's Reply to Defendant's Response to Plaintiff's Motion to Dismiss or Strike Defendants' Counterclaim*  has been served upon counsel for the Defendants on October 3, 2023 via electronic mail and via the court's EM/ECF system.

    /s/  Aaron Charles de la Garza
    Aaron Charles de la Garza