IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ISABELLA BERNAL, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> BACKSLIDERS, LLC D/B/A SOUTH AUSTIN BEER GARDEN, DAVID B. PEARCE AND RYAN THOMAS, <br><br> Defendants | § § § § § § § § § § § § § § § Civil Action No. 1:23-CV-00471-RP |

**PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTION FOR LEAVE TO FILE COUNTERCLAIM**

Plaintiff Isabella Bernal files this Response to Defendants' Motion for Leave to File Counterclaim.

**I.   Procedural Background**

1.1.   Defendants' August 25, 2023 counterclaim was filed more than 21 days after Defendants' May 22, 2023 answer. Dkt. 8 and 13. pool. Dkt. 13 at ¶¶17-18. Defendants did not seek or obtain leave to file its counterclaim, or seek or obtain Plaintiff's consent prior to the filing.

1.2.   On September 12, 2023, Plaintiff filed her Motion to Dismiss or Strike Defendants' Counterclaim, asking that Defendants' counterclaim be dismissed or struck as it was filed without leave of court and or Plaintiff's written consent as required by Fed.R.Civ.P. 15(a). Dkt. 14. [1] Plaintiff's Motion also asked the Court to dismiss the counterclaims for lack of jurisdiction under Fed.R.Civ.P. 12(b)(1).[1]

---

[1] Defendants filed their response to Plaintiff's 12(b)(1) motion on September 26, 2023. Dkt.18. Plaintiff's reply to Defendant's response is being filed today, October 3, 2023.

Plaintiff's Response to Defendants' Motion for Leave to File Counterclaim
Page 1

1.3. On September 26, 2023. Defendants filed their Motion for Leave to File Counterclaim, which is the subject of the immediate response. Dkt. 17.

## II. Standard for Leave of Court Under Fed.R.Civ.P. 15(a).

2.1. Fed.R.Civ.P. 15(a) permits a party to amend its pleading "once as a matter of course" within 21 days after serving it," and thereafter "only with the opposing party's written consent or the court's leave." *See Ruiz v. Bank of New York Mellon*, No. 1:22-CV-00483-LY-SH, 2022 WL 17169219, at *2 (W.D. Tex. Nov. 19, 2022) ("A motion for leave to file a counterclaim is governed by Federal Rule of Civil Procedure 15(a)").

2.2. Fed.R.Civ.P. 15(a) provides that a "court should freely give leave when justice requires." "Although Rule 15 'evinces a bias in favor of granting leave to amend,' it is not automatic. A decision to grant leave is within the discretion of the trial court." *Matter of Southmark Corp.,* 88 F.3d 311, 314–15 (5th Cir. 1996) (internal citations omitted). A court has discretion to deny leave to amend if the court has a "substantial reason" to do so. *Id.* In deciding whether to grant leave to amend, a trial court "may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Id.*, citing *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III. Argument and Authorities

### A. Leave to Amend Should be Denied as Amendment is Futile

3.1. Plaintiff's September 12, 2023 Motion to Dismiss or Strike Defendants' Counterclaim (Dkt. 14) asserts that the counterclaim should be dismissed for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). The Court's decision as to Plaintiff's Motion to Dismiss or Strike Defendants' Counterclaim will be determinative. In the event that the Court

determines that it does not have jurisdiction over Defendants' counterclaim, granting of leave to file the counterclaim will be futile, and should be denied. *See Southern v. United States*, 503 F.Supp.2d 829, 834 (W.D. Tex. 2007), *quoting Selver v. Wash. Mut. Bank.* 2003 WL 79337, at *3 (N.D.Tex. Jan.8, 2003) (""If the Court would lack jurisdiction, it will deny [movant's] request to amend, as '[j]ustice does not require allowing an amendment that will simply be later dismissed for lack of jurisdiction.'").

       3.2.    To this end, and in the interest of judicial efficiency, Plaintiff suggests that the Court's decision as to Defendants' Motion to Leave to file its counterclaim should be preceded by the Court's determination of whether it has subject matter jurisdiction over those counterclaims.

### B. Leave to Amend Should be Denied as Amendment Would Cause Undue Prejudice

       3.3.    Defendants' request for leave to file its counterclaim should be denied as the filing of the counterclaim will unduly prejudice Plaintiff by permitting the inclusion of ancillary and extraneous counterclaims in contravention of the Fifth Circuit's general prohibition against counterclaims in FLSA lawsuits. *See* M*artin v. PepsiAmericas, Inc*., 628 F.3d 738, 741 (5th Cir. 2010), citing *Brennan v. Heard*, 491 F.2d 1, 4 (5th Cir.1974), rev'd on other grounds, *McLaughlin v. Richland Shoe Co*., 486 U.S. 128, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988) ( "the only function of the federal judiciary under the FLSA 'is to assure to the employees of a covered company a minimum level of wages,' we said that '[a]rguments and disputations over claims against those wages are foreign to the genesis, history, interpretation, and philosophy of the Act.'" . . . "And we observed that "[t]he only economic feud contemplated by the FLSA involves the employer's obedience to minimum wage and overtime standards. To clutter [FLSA] proceedings with the minutiae of other employer-employee relationships would be antithetical to the purpose of the

Act.)"

3.4     Plaintiff has addressed the Fifth Circuit's general prohibition against counterclaims in FLSA suits in her September 12, 2023 Motion to Dismiss or Strike Defendants' Counterclaim (Dkt. 14); Plaintiff's Motion to Dismiss or Strike further asserts that Defendants' counterclaims do not fit into the Fifth Circuit's narrow exception to this general prohibition.

3.5.    Thus, in the interest of judicial efficiency, Plaintiff suggests that the Court's decision as to Defendants' Motion to Leave to file its counterclaim should be preceded by the Court's determination of whether it has subject matter jurisdiction over those counterclaims.

## Conclusion and Prayer

For the above reasons, Plaintiff Isabella Bernal, individually and on behalf of those similarly situated, asks the Court deny Defendant's Motion for Leave to file its counterclaim, and otherwise asks for all other and further relief to which Plaintiff is entitled.

Respectfully submitted,

/s/ *Aaron Charles de la Garza*
**Aaron Charles de la Garza**
Attorney in Charge
State Bar No. 24028282
Aaron C de la Garza, PLLC
509 W. 18th St.
Austin, Texas 78701
Telephone: (512) 474-7054
Fax: (512) 474-5605
aaron@adlglaw.com

/s/ *Douglas B. Welmaker*
**Douglas B. Welmaker**
State Bar No. 00788641
Welmaker Law, PLLC
409 N. Fredonia, Suite 118
Longview, Texas 75601
Phone: (512) 799-2048
Email: doug@welmakerlaw.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Plaintiff's Response to Defendant's Motion for Leave to File Counterclaim* has been served upon counsel for the Defendants on October 3, 2023 via electronic mail and via the court's EM/ECF system.

/s/  Aaron Charles de la Garza
Aaron Charles de la Garza