IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ISABELLA BERNAL, INDIVIDUALLY § <br> AND ON BEHALF OF ALL OTHERS § <br> SIMILARLY SITUATED, § <br> Plaintiff, § <br> v. § <br> § <br> BACKSLIDERS, LLC DBA "SOUTH § <br> AUSTIN BEER GARDEN," RYAN § <br> THOMAS, AND DAVID B. PEARCE, § <br> Defendants. § | A-23-CV-471-DAE |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO THE HONORABLE DAVID EZRA
UNITED STATES DISTRICT JUDGE:

Before the court are Plaintiff's Motion to Dismiss or Strike Defendants' Counterclaim (Dkt. 14), Defendants' Motion for Leave to File Counterclaim (Dkt. 17), and all related briefing.[1] After reviewing the pleadings and the relevant case law, and determining that a hearing is not necessary, the undersigned submits the following Report and Recommendation to the District Court.

**I. BACKGROUND**

Plaintiff Isabella Bernal was employed as a bartender by Defendants at South Austin Beer Garden (SABG). Defendants are SABG and David Pearce and Ryan Thomas, who are both owners and managers of SABG. Bernall brings this suit on her own behalf, and all other similarly situated, asserting that Defendants' tipping-pool and other policies violated the FLSA. Specifically, she

---

[1] The motions were referred by then-presiding United States District Judge Robert Pitman to the undersigned for a Report and Recommendation as to the merits pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Text Orders dated Oct. 12, 2024.

1

claims that the tipping pool violated the FLSA because tips were shared by non-tipped employees, supervisors and managers, and with SABG's owners, who used to the tips to pay employees of another entity. She further asserts Defendants failed to provide the required notice concerning tips. Bernal also contends tipped employees were required to participate in non-tipped work while being paid below minimum wage. She claims she and all class members are entitled to the full minimum wage for all hours they worked when they were required to participate in a noncompliant tip pool and perform non-tipped work.

Defendants assert state-law theft counterclaims, contending that (1) Bernal kept tips that should have gone into the tip pool while simultaneously claiming a proportionate share of the tip pool ("Tip-Theft Counterclaim") and (2) Bernal served free drinks to her friends ("Drink-Theft Counterclaim"). Bernal moves to dismiss or strike Defendants' counterclaims as untimely. Bernal also argues the counterclaims are permissive counterclaims with no independent jurisdictional basis and the court should not assert supplemental jurisdiction because they are too unlike her FLSA claims. Defendants argue their counterclaims are compulsory or, alternatively, the court should assert supplemental jurisdiction over the claims. Defendants assert their Tipping Counterclaim is directly related to Bernal's FLSA claim as it affects how much Bernal and her coworkers should have been paid. In response to Bernal's argument that the counterclaims are untimely, Defendants also move for leave to assert their counterclaims.

The court will first address jurisdiction over the counterclaims. If the court determines that it has or should assert jurisdiction over the counterclaims, the court will turn to the timeliness issue.

## II. APPLICABLE LAW

Whether the court has, or can exercise, jurisdiction over Defendants' counterclaim depends on whether the counterclaim is "compulsory" or "permissive." Courts have supplemental

jurisdiction over compulsory counterclaims, but generally decline to exercise supplemental jurisdiction over permissive counterclaims. Rule 13 sets forth the rule for inclusion of compulsory and permissive counterclaims:

> (a) Compulsory Counterclaim.
>   (1) In General. A pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim:
> (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and
> (B) does not require adding another party over whom the court cannot acquire jurisdiction.
>   (2) Exceptions. The pleader need not state the claim if:
>     (A) when the action was commenced, the claim was the subject of another pending action; or
>     (B) the opposing party sued on its claim by attachment or other process that did not establish personal jurisdiction over the pleader on that claim, and the pleader does not assert any counterclaim under this rule.
> (b) Permissive Counterclaim. A pleading may state as a counterclaim against an opposing party any claim that is not compulsory.

FED. R. CIV. P. 13. A counterclaim is considered compulsory if it arises out of the same transaction or occurrence as the subject matter of the original claim and: (1) the "issues of fact and law raised by the claim and the counterclaim are largely the same;" or (2) "res judicata would bar a subsequent suit in defendant's claim absent the compulsory counterclaim rule;" or (3) "substantially the same evidence will support or refute plaintiff's claim as well as defendant's counterclaim;" or (4) "there is any logical relationship between the claim and the counterclaim." *Tank Insulation Int'l, Inc. v. Insultherm, Inc.*, 104 F.3d 83, 85-86 (5th Cir. 1997). Counterclaims that do not fall within one of those four categories are considered permissive counterclaims. *Iniesta v. Ula's Washington, LLC*, No. CV H-17-2668, 2018 WL 3912256, at *2 (S.D. Tex. July 18, 2018), report and recommendation adopted, No. 4:17-CV-02668, 2018 WL 3880286 (S.D. Tex. Aug. 15, 2018).

### III.    ANALYSIS

Bernal spends her opening brief arguing that Defendants' counterclaims are not compulsory and the court should not exercise supplement jurisdiction over the permissive counterclaims. In their response, Defendants argue both of their counterclaims are compulsory. In her reply brief, Bernal raises the issue of whether Defendants have standing to assert the Tip-Theft Counterclaim. The court will first examine jurisdiction over each claim.

**A. Tip-Theft Counterclaim**

Although non-rebuttal arguments first raised in a reply brief do not need to be addressed, the court must always address issues of subject matter jurisdiction. The objection that a federal court lacks subject-matter jurisdiction, *see* FED. R. CIV. P. 12(b)(1), may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006).

Federal courts cannot consider the merits of a case unless it "presents an 'actual controversy,' as required by Art. III of the Constitution and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201." *Mississippi State Democratic Party v. Barbour*, 529 F.3d 538, 544 (5th Cir. 2008) (quoting *Steffel v. Thompson*, 415 U.S. 452, 458 (1974)). The many doctrines that have fleshed out the "case or controversy" requirement—standing, mootness, ripeness, political question, and the like—are "founded in concern about the proper—and properly limited—role of the courts in a democratic society." *Id*. (quoting *Allen v. Wright*, 468 U.S. 737, 750 (1984) (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975))). These "doctrines state fundamental limits on federal judicial power in our system of government." *Id*.

"The "essence" of standing is "whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Barbour*, 529 F.3d at 544 (citing *Warth*, 422 U.S. at

498). In order to have standing, "a plaintiff must show: (1) it has suffered, or imminently will suffer, a concrete and particularized injury-in-fact; (2) the injury is fairly traceable to the defendant's conduct; and (3) a favorable judgment is likely to redress the injury." *Id*. (quoting *Houston Chronicle Publ'g Co. v. City of League City, Tex.*, 488 F.3d 613, 617 (5th Cir. 2007)). An injury in fact is an invasion of a legally protected interest which is "actual or imminent, not conjectural or hypothetical." *Id*. (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

Defendants allege Bernal "committed theft every time she kept tips to herself that should have gone to the company's tip pool, while simultaneously claiming a proportionate share of the tip pool." Dkt. 13 (Counterclaim) ¶ 17. However, Defendants do not allege how they were injured by Bernal holding tips back from the tip pool. Employers are not permitted to keep employees' tips. 29 U.S.C. § 203(m)(2)(B) ("An employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."); 29 C.F.R. § 531.54(c)(3) ("When an employer takes a tip credit pursuant to section 3(m)(2)(A), . . . [a]n employer may not receive tips from such a tip pool and may not allow managers and supervisors to receive tips from the tip pool.").

Defendants—who were not eligible to receive any tips from the tipping pool—have not alleged how they were injured by Bernal's alleged theft of tips. Accordingly, they lack standing to assert this claim.

### B. Drink-Theft Counterclaim

Defendants argue this counterclaim and Bernal's FLSA claims will involve "at least some of the same questions of fact as Plaintiff's FLSA claim, namely, the hours she worked." Dkt. 18

at ¶ 33. They also argue "testimony and documentary evidence as to the hours that Plaintiff was working as a bartender at SABG" would be relevant to both claims and "any findings regarding the hours she worked would have a preclusive effect on any subsequent action." *Id*.

As this is the extent of Defendants' argument, it is apparent even they know it is weak. The FLSA claim will involve issues of who contributed to the tipping pool and how many hours they worked, and who received money from the tipping pool and whether they were entitled to do so. The only thing in common between this counterclaim and Bernal's FLSA claims is the hours Bernal worked. The issues of law and fact will not be "largely" the same. Res judicata will not bar a subsequent suit asserting this claim. "Substantially" the same evidence will not be used to support the FLSA claim and this claim. And there is no logical relationship between the FLSA claim and this counterclaim.

Accordingly, this is not a compulsory counterclaim. It is a permissive counterclaim, but it is too attenuated from the FLSA claim for the undersigned to recommend it stay before the court.

### IV. MOTION FOR LEAVE

Because the court does not have jurisdiction over the Tip-Theft Counterclaim and will recommend the District Judge not exercise supplemental jurisdiction over the Drink-Theft Counterclaim, the undersigned will recommend Defendants' motion for leave be denied.

### V. RECOMMENDATIONS

For the reasons stated above, the undersigned **RECOMMENDS** that the District Court **GRANT** Plaintiff's Motion to Dismiss or Strike Defendants' Counterclaim (Dkt. 14) and **DENY** Defendants' Motion for Leave to File Counterclaim (Dkt. 17). As such, the undersigned **RECOMMENDS** Defendants' counterclaims be **DISMISSED WITHOUT PREJUDICE**.

**VI.     OBJECTIONS**

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*).

SIGNED March 4, 2024.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE