IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ISABELLA BERNAL, Individually and on Behalf of All Others Similarly Situated, <br>  Plaintiff, <br><br> v. <br><br> BACKSLIDERS, LLC dba "South Austin Beer Garden," RYAN THOMAS, and DAVID B. PEARCE, <br>  Defendants. | § § § § § § § § § § § | Civil Action No. 1:23-CV-00471-DAE |

## DEFENDANTS' OBJECTIONS TO THE MAGISTRATE'S REPORT AND RECOMMENDATION

TO THE HONORABLE JUDGE OF SAID COURT:

 Defendants Backsliders, LLC, dba South Austin Beer Garden ("SABG"), Ryan Thomas and David Pearce file these objections to the Report and Recommendation of U.S. Magistrate Judge (Dkt. 25) (the "Report") and in support thereof would show the Court the following:

### I. INTRODUCTION

 1. Plaintiff Isabella Bernal brought this action on behalf of herself and others similarly situated, claiming that Defendants' tipping-pool and other policies violated the FLSA. Specifically, she alleges that Defendants tipping pool violated the FLSA because tips were shared with supervisors and managers, as well as SABG's owners.

 2. Defendants asserted two state-law theft counterclaims against Bernal, arguing that (1) she pocketed tips that should have gone to the tip pool while simultaneously claiming a proportionate share of the tip pool ("Tip-Theft Counterclaim") and (2) she gave away free drinks to her friends ("Drink-Theft Counterclaim").

1

3. Plaintiff filed a Motion to Dismiss both counterclaims. The Report granted the Motion as to both counterclaims. As to the Tip-Theft Counterclaim, the Report held that Defendants do not have standing to assert the claim because they have suffered no cognizable injury.

4. Defendants object solely to the portion of the Report dismissing the Tip-Theft Counterclaim for lack of standing. Defendants have suffered a cognizable injury and have standing to assert the Tip-Theft Counterclaim.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

5. Plaintiff Isabella Bernal previously worked as a bartender for SABG from July 2021 to July 2022, when she was terminated for serving free drinks to her friends.

6. SABG operates a tip pool, which Plaintiff claims is legally invalid for various reasons. Plaintiff alleges that both she and other similarly situated employees are therefore "entitled to reimbursement of all misappropriated tips plus an equal amount in liquidated damages." Dkt. 1, ¶ 70.

7. Prior to Plaintiff's termination, an employee of SABG witnessed her keep a cash tip that should have gone into the communal tip jar, per the company's tip pool policy. Plaintiff Isabella Bernal then expressly admitted to this employee that she had done this on multiple occasions. Dkt. 13, ¶¶ 4-5.

8. Defendants asserted counterclaims for theft against Plaintiff based on both (1) her pocketing tips while claiming a proportionate share of the tip pool distributions ("Tip-Theft Counterclaim"), and (2) her giving away free drinks to her friends ("Drink-Theft Counterclaim"). *See* Dkt. 13.

9. Plaintiff filed a Motion to Dismiss both of Defendants' counterclaims (Dkt. 14) (the "Motion"). The Report granted the Motion as to both of Defendants' counterclaims. As to the Tip-Theft Counterclaim, the Report concluded that Defendants "lack standing to assert this claim" because "Defendants – who were not eligible to receive any tips from the tipping pool – have not alleged how they were injured by Bernal's alleged theft of tips." Dkt. 25. The Report also found that the Drink-Theft Counterclaim was a permissive counterclaim that is too attenuated from Plaintiff's FLSA claim for the Court to exercise jurisdiction over it.

10. Defendants submit these objections only as to the Report's findings regarding the Tip-Theft Counterclaim.

### III.    LEGAL STANDARDS

11. "Courts must review de novo any of the Magistrate Judge's conclusions to which a party has specifically objected." *Appliance Liquidation Outlet, LLC v. Axis Supply Corp.*, 2024 U.S. Dist. LEXIS 13219, *3-4 (W.D. Tex., Jan. 24, 2024) (citing 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.")).

### IV.    ARGUMENT

12. Defendants object to the Report's conclusion that they do not have standing to assert the Tip-Theft Counterclaim because they have suffered no cognizable injury as a result of Plaintiff Isabella Bernal's theft of tips.

13. Defendants have been deprived of their legal right to distribute tips from a valid tip pool to its employees according to Defendants' own policies. While it is true that Defendants were not eligible to keep any tips from the tip pool, that fact alone does not preclude Defendants from having a cognizable injury.

14. There is no question that the regulations controlling tip pools place *no restrictions* on an employer's legal authority to distribute tips from a *valid* tip pool to employees that are *eligible* to participate in the tip pool. *See generally*, 29 C.F.R. § 531.50 — § 531.60. In fact, the regulations expressly recognize that there are no limitations on how much of an employee's tips an employer may require an employee to contribute to a tip pool. 29 C.F.R. § 531.54(a) ("Section 3(m)(2)(A) does not impose a maximum contribution percentage on mandatory tip pools."). Likewise, the regulations state that "[a]n employer does not violate section 3(m)(2)(B)'s prohibition against keeping tips if it requires employees to share tips with other employees who are eligible to receive tips." 29 C.F.R. § 531.54(b)(1). Neither that provision nor any other regulation imposes any requirements for *how much* each eligible employee should receive from a valid tip pool.

15. By pocketing tips while simultaneously claiming a proportionate share of the tip pool, Plaintiff Isabella Bernal deprived Defendants of their legal right to distribute tips from a valid tip pool according to its employees as they saw fit.

16. Implicit in the Report is the conclusion that the parties who *do* have standing to assert this Tip-Theft Counterclaim against Bernal are the other tip pool participants – i.e., the employees who were (1) denied their proportionate share of the tips she pocketed and (2) compelled to share a greater portion of their tips with Bernal (via the tip pool) than they otherwise would have.

17. But if these other employees were to assert such a claim against Bernal, it would immediately raise the questions: (1) how much of her pocketed tips can these employees claim that they are entitled to, and (2) how much of the money Bernal received from the tip pool can

these employees claim that they are legally entitled to as "their" tips that were disproportionately shared with Bernal?

18.     Assuming that Defendants' tip pool is valid, there is no way to answer either of those questions without recourse to Defendants' own tip pool policies, which determine *how much* of Bernal's stolen tips should go to other employees.  There is no question that, if the tip pool is valid, Defendants have the absolute legal right to distribute the tips to its employee as they see fit. Bernal's theft of tips clearly infringed on that right.

## V.     CONCLUSION

Defendants, Backsliders, LLC, dba South Austin Beer Garden, Ryan Thomas and David Pearce, pray the Court that sustain Defendants' objections and deny Plaintiff's Motion to Dismiss Defendants' Tip-Theft Counterclaim.

Respectfully Submitted,

/s/ *William T. Palmer*
Thomas A. Nesbitt
tnesbitt@dnaustin.com
Texas Bar No. 24007738
Laura J. Goodson
lgoodson@dnaustin.com
Texas Bar No. 24045959
William T. Palmer
wpalmer@dnaustin.com
Texas Bar No. 24121765
DeShazo & Nesbitt L.L.P.
809 West Avenue
Austin, Texas  78701
512/617-5560
512/617-5563 (Fax)

**ATTORNEYS FOR DEFENDANTS BACKSLIDERS, LLC, DBA SOUTH AUSTIN BEER GARDEN, RYAN THOMAS, AND DAVID PEARCE**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 18th day of March, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

Aaron Charles de la Garza
Aaron Charles de la Garza, PLLC
509 W. 18th Street
Austin, Texas 78701
aaron@adlglaw.com

Douglas B. Welmaker
Welmaker Law, PLLC
409 Fredonia, Suite 118
Longview, Texas 75601
doug@welmakerlaw.com

                                           /s/ *William T. Palmer*
                                           William T. Palmer