UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ISABELLA BERNAL, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br>　　*Plaintiffs*,<br><br>vs.<br><br>BACKSLIDERS, LLC DBA "SOUTH AUSTIN BEER GARDEN," RYAN THOMAS, AND DAVID PEARCE<br><br>　　*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No.  1:23-CV-471-DAE |

ORDER ADOPTING U.S. MAGISTRATE JUDGE LANE'S
<u>REPORT AND RECOMMENDATION</u>

　　Before the Court is U.S. Magistrate Judge Lane's Report and Recommendation ("Report"), issued on March 3, 2024, concerning Plaintiff's Motion to Dismiss or Strike Defendants' Counterclaim (Dkt. # 14), Defendants' Motion for Leave to File Counterclaim (Dkt. # 17), and all related briefings.  On March 18, 2024, Defendants filed an Objection to the Report.  (Dkt. # 27.)

　　The Court finds this matter suitable for disposition without a hearing.  After careful consideration, the Court—for the reasons that follow—**ADOPTS** Judge Lane's Report and **GRANTS** Plaintiff's Motion to Dismiss or Strike Defendants' Counterclaim (Dkt. # 14) and **DENIES** Defendants' Motion for Leave

1

to File Counterclaim (Dkt. # 17). Defendants' counterclaims are **DISMISSED WITHOUT PREJUDICE**.

BACKGROUND

The Court agrees with Judge Lane's recitation of the facts and incorporates them in full:

Plaintiff Isabella Bernal was employed as a bartender by Defendants at South Austin Beer Garden ("SABG"). Defendants are SABG and David Pearce and Ryan Thomas, who are both owners and managers of SABG. Bernall brings this suit on her own behalf, and all other similarly situated, asserting that Defendants' tipping-pool and other policies violated the Fair Labor Standards Act ("FLSA"). Specifically, she claims that the tipping pool violated the FLSA because tips were shared by non-tipped employees, supervisors and managers, and with SABG's owners, who used to the tips to pay employees of another entity. She further asserts Defendants failed to provide the required notice concerning tips. Bernal also contends tipped employees were required to participate in non-tipped work while being paid below minimum wage. She claims she and all class members are entitled to the full minimum wage for all hours they worked when they were required to participate in a noncompliant tip pool and perform non-tipped work.

Defendants assert state-law theft counterclaims, contending that (1) Bernal kept tips that should have gone into the tip pool while simultaneously claiming a proportionate share of the tip pool ("Tip-Theft Counterclaim") and (2) Bernal served free drinks to her friends ("Drink-Theft Counterclaim"). Bernal moves to dismiss or strike Defendants' counterclaims as untimely. Bernal also argues the counterclaims are permissive counterclaims with no independent jurisdictional basis and the court should not assert supplemental jurisdiction because they are too unlike her FLSA claims. Defendants argue their counterclaims are compulsory or, alternatively, the court should assert supplemental jurisdiction over the claims. Defendants assert their Tipping Counterclaim is directly related to Bernal's FLSA claim as it affects how much Bernal and her coworkers should have been paid. In response to Bernal's argument that the counterclaims are untimely, Defendants also move for leave to assert their counterclaims.

## APPLICABLE LAW

The Court must conduct a de novo review of any of the Magistrate Judge's conclusions to which a party has specifically objected. See 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). The objections must specifically identify those findings or

recommendations that the party wishes to have the district court consider. Thomas v. Arn, 474 U.S. 140, 151 (1985). A district court need not consider "[f]rivolous, conclusive, or general objections." Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Findings to which no specific objections are made do not require de novo review; the Court need only determine whether the Recommendation is clearly erroneous or contrary to law. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

## DISCUSSION

I. Tip-Theft Counterclaim

Judge Lane found that Defendants lack standing to bring a tip-theft claim. Defendants allege Bernal "committed theft every time she kept tips to herself that should have gone to the company's tip pool, while simultaneously claiming a proportionate share of the tip pool." (Dkt. # 13 at ¶ 17.)

In order to have standing, "a plaintiff must show: (1) it has suffered, or imminently will suffer, a concrete and particularized injury-in-fact; (2) the injury is fairly traceable to the defendant's conduct; and (3) a favorable judgment is likely to redress the injury." Mississippi State Democratic Party v. Barbour, 529 F.3d 538,

4

544 (5th Cir. 2008.) (quoting Houston Chronicle Publ'g Co. v. City of League City, Tex., 488 F.3d 613, 617 (5th Cir. 2007)).

Judge Lane found that Defendants lack standing under the FLSA because employers are not permitted to keep employees' tips. 29 U.S.C. § 203(m)(2)(B) ("An employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."); 29 C.F.R. § 531.54(c)(3) ("When an employer takes a tip credit pursuant to section 3(m)(2)(A), . . . [a]n employer may not receive tips from such a tip pool and may not allow managers and supervisors to receive tips from the tip pool."). Therefore, while Plaintiff may have taken money from her co-workers by virtue of the shared pool, that money would never have entered the pockets of her employer.

Defendants' sole objection to the Report is the portion dismissing the Tip-Theft Counterclaim for lack of standing. (Dkt. # 27 at ¶ 4.) Defendants allege they have been deprived of their legal right to distribute tips from a valid tip pool to its employees according to their own policies. Defendants argue that by pocketing tips while simultaneously claiming a proportionate share of the tip pool, Plaintiff harmed Defendants of their legal right to distribute tips from a valid tip pool as they saw fit. As Defendants note, the regulations recognize that there are

5

no limitations on how much of an employee's tips an employer may require an employee to contribute to a tip pool.  29 C.F.R. § 531.54(a).

While there is no question that employers have the right to distribute tips, the Court agrees with Judge Lane that Defendants still have not shown a concrete harm.  In fact, the Texas Theft Liability Act requires that the claimant "own the property at issue."  Texas Pattern Jury Charge 7.2 (General Negligence 2002); Texas Penal Code § 1.07(a)(35), (a)(39); Tex. Civ. Prac. & Rem. Code Ch. 134.  The Court agrees with Judge Lane that tips are the property of the tipped employee, not of the employer, and may not be kept by the employer. Knox v. Jones Group, 201 F.Supp.3d 951, 955 fn.3 ("Under the FLSA and its implementing regulations, tips are not wages paid by the employer."); 29 C.F.R. § 531.52.  Therefore, Defendants cannot maintain a claim under the Texas Theft Liability Act for theft of tips since they did not own the tips that were allegedly stolen.  Accordingly, they lack standing to assert this claim.

II.     Drink-Theft Counterclaim

Defendants did not file an objection as to Judge Lane's denial of their right to assert a drink-theft counterclaim.  Therefore, the Court review's Judge Lane's decision for clear error.

Whether the court has, or can exercise, jurisdiction over Defendants' counterclaim depends on whether the counterclaim is "compulsory" or

"permissive."  Courts have supplemental jurisdiction over compulsory counterclaims, but generally decline to exercise supplemental jurisdiction over permissive counterclaims.  Rule 13 sets forth the rule for inclusion of compulsory and permissive counterclaims:

> (a) Compulsory Counterclaim.
>> (1) In General. A pleading must state as a counterclaim any claim that—at the
>> time of its service—the pleader has against an opposing party if the claim:
>
> (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and
> (B) does not require adding another party over whom the court cannot acquire jurisdiction.
>> (2) Exceptions. The pleader need not state the claim if:
>>> (A) when the action was commenced, the claim was the subject of another pending action; or
>>> (B) the opposing party sued on its claim by attachment or other process that did not establish personal jurisdiction over the pleader on that claim, and the pleader does not assert any counterclaim under this rule.
>
> (b) Permissive Counterclaim. A pleading may state as a counterclaim against an opposing party any claim that is not compulsory.

Fed. R. Civ. P. 13. A counterclaim is considered compulsory if it arises out of the same transaction or occurrence as the subject matter of the original claim and: (1) the "issues of fact and law raised by the claim and the counterclaim are largely the same;" or (2) "res judicata would bar a subsequent suit in defendant's claim absent the compulsory counterclaim rule;" or (3) "substantially the same evidence will support or refute plaintiff's claim as well as defendant's counterclaim;" or (4) "there is any logical relationship between the claim and the counterclaim."  Tank

7

Insulation Int'l, Inc. v. Insultherm, Inc., 104 F.3d 83, 85-86 (5th Cir. 1997). Counterclaims that do not fall within one of those four categories are considered permissive counterclaims. Iniesta v. Ula's Washington, LLC, No. CV H-17-2668, 2018 WL 3912256, at *2 (S.D. Tex. July 18, 2018), report and recommendation adopted, No. 4:17-CV-02668, 2018 WL 3880286 (S.D. Tex. Aug. 15, 2018).

Judge Lane found that the alleged drink stealing committed by Plaintiff is unrelated to whether Defendant violated the FLSA. This Court agrees. The fact that Plaintiff may have served free drinks to her friends says nothing about the issues or facts in the FLSA claim. As Judge Lane noted, the FLSA claim will involve issues of who contributed to the tipping pool and how many hours they worked, and who received money from the tipping pool and whether they were entitled to do so. The only thing in common between this counterclaim and Bernal's FLSA claims is the hours Bernal worked. These facts do not fall within the Rule 13 definition of a counterclaim. Res judicata will not bar a subsequent suit asserting this claim. "Substantially" the same evidence will not be used to support the FLSA claim and this claim because there is no logical relationship between the FLSA claim and this counterclaim.

Ultimately, this is a permissive counterclaim that is too attenuated to support supplemental jurisdiction.

## CONCLUSION

For the reasons stated above, the Court **ADOPTS** U.S. Magistrate Judge Lane's Report and **GRANTS** Plaintiff's Motion to Dismiss or Strike Defendants' Counterclaim (Dkt. # 14) and **DENIES** Defendants' Motion for Leave to File Counterclaim (Dkt. # 17). (Dkt. # 9.)  The Counterclaims are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

**DATED**: Austin, Texas, April 11, 2024.

David Alan Ezra
Senior United States District Judge